UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SHEILA ANN BLANC,  No. 08-11151

                     Debtor(s).
_____/
SHEILA ANN BLANC,

                     Plaintiff(s),

     v.  A.P. No. 11-1256

GMAC MORTGAGE, LLC,

                     Defendant(s).
_____/

Memorandum on Motion to Dismiss
_____

    Debtor and plaintiff Sheila Blanc filed her Chapter 13 petition on June 11, 2008. She scheduled her real property at 7319 Witter Road, Sebastopol, California, as being worth $656,500.00 and encumbered by a first deed of trust to defendant GMAC Mortgage, LLC, securing an obligation of $763,239.00 and a second deed of trust to Select Portfolio Servicing securing an obligation of $87,925.00. Neither debt was scheduled as disputed.

1

On September 15, 2008, Blanc's Chapter 13 plan was confirmed. It provided for the avoidance of the Select Portfolio deed of trust on the grounds that the lien of GMAC was greater than the value of the property, so that Select Portfolio was entirely unsecured. The plan also provided for a zero dividend to unsecured creditors and regular payments to GMAC with arrears paid through the Chapter 13 trustee. The Chapter 13 case is still pending; the plan has not yet been completed, and Blanc's discharge has accordingly not been entered.

Without amending her plan, Blanc filed a state court lawsuit against GMAC on August 30, 2011. In the lawsuit, Blanc alleges that GMAC has no valid lien and she accordingly owns her home free and clear. Blanc did not schedule this cause of action as an asset in her bankruptcy schedules.

GMAC removed the lawsuit to this court. It has filed a motion to dismiss, based on principles of claim preclusion (res judicata) and judicial estoppel.

It is doubtful that claim preclusion applies, since the plan has not been completed and there is therefore no final order. Blanc retains a right to dismiss the Chapter 13, which would undo both confirmation and avoidance of the Select Portfolio lien pursuant to § 349(b) of the Bankruptcy Code.

However, judicial estoppel clearly applies. Blanc obtained confirmation of her plan and avoidance of the Select Portfolio deed of trust by representing to the court and her creditors that the GMAC lien was valid. If GMAC has no valid lien, then there is no basis for avoidance of the Select Portfolio lien and Blanc must pay her creditors a significant dividend, if not payment in full, pursuant to § 1325(a)(4).

In order for Blanc to proceed with her lawsuit against GMAC, she must either obtain confirmation of an amended plan which reinstates the Select Portfolio lien and provides for as much to creditors as they would receive if her home was sold free and clear of the GMAC lien, or she must dismiss her Chapter 13 case. If she fails to do either within 30 days after entry of an appropriate order, then GMAC's motion to dismiss this adversary proceeding will be granted.

Counsel for GMAC shall submit an appropriate form of order.

2

1 | Dated: December 19, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge

# CERTIFICATE OF MAILING

I, the undersigned, a regularly appointed deputy clerk of the United States Bankruptcy Court for the Northern District of California, at Santa Rosa, hereby certify:

That I, in the performance of my duties as such clerk, served a copy of the foregoing document by depositing it in the regular United States mail at Santa Rosa, California on the date shown below, in a sealed envelope bearing the lawful frank of the Bankruptcy Judge, addressed as listed below.

Dated: December 19, 2011                    By :      Katie Andersen
                                                      Katie Andersen
                                                      Deputy Clerk

Sheila Ann Blanc
7319 Witter Rd.
Sebastopol, CA 95472